

U.S. Department of Justice

BRUCE D. BRANDLER
Acting United States Attorney
Middle District of Pennsylvania
Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

| William J. Nealon Federal Building | Ronald Reagan Federal Building | Herman T. Schneebeli Federal Building |
|---|---|---|
| 235 N. Washington Avenue, Suite 311 | 228 Walnut Street, Suite 220 | 240 West Third Street, Suite 316 |
| P.O. Box 309 | P.O. Box 11754 | Williamsport, PA 17701-6465 |
| Scranton, PA 18503-0309 | Harrisburg, PA 17108-1754 | (570) 326-1935 |
| (570) 348-2800 | (717) 221-4482 | FAX (570) 326-7916 |
| FAX (570) 348-2037/348-2830 | FAX (717) 221-4493/221-2246 | |

February 3, 2021

The Honorable Malachy E. Mannion
United States District Judge

    Re: *United States v. Eric Garman*, No. 3:19-CR-323

Dear Judge Mannion:

    I write concerning the sentencing hearing presently scheduled for defendant Eric Garman on February 25, 2021 and solely with respect to the one outstanding defense objection that bears upon the guideline calculation. Please accept this letter in lieu of a more formal sentencing memorandum.

    As set forth in the Presentence Report (PSR) and associated addendum submitted by the Probation Office, there appears to be one outstanding defense objection that would impact the guideline calculation, specifically, the defense objection to the 5-level enhancement assessed, pursuant to USSG 2G2.2(b)(3)(B), on the basis that Garman distributed child pornography "in exchange for any valuable consideration." As Probation notes, Application Note 1 to the guideline explains that this enhancement should be applied where the defendant "agreed to an exchange with another person under which the defendant knowingly distributed [child pornography] to that other person for the specific purpose of obtaining something of valuable

1

consideration from that other person, such as other child pornographic material…"

There is no dispute that one of the ways in which Garman distributed child pornography in this case was through his participation in and, in fact, his hosting of a chat or web forum called "anything (84)," in which members were invited to join with the expectation that they would post and share images of child pornography for the consumption of other members of the group.  As both a member and the host of this group, Garman himself posted child pornographic images to the forum, thereby distributing them to the other members of the group.  And Garman did this – not out of some "charitable" impulse – but with the specific expectation that other members would post/distribute in kind, as the entire point of the group was to share images.  This reality is best shown by the fact that Garman, in his capacity as host, not only encouraged the posting of images by other members but went so far as to threaten to remove those members who were free-riding by accessing images posted by other members but not posting their own images.

In sum, in joining and hosting this group, Garman entered into an agreement with one or more others pursuant to which Garman not only distributed child pornographic content but did so with the specific purpose of receiving back from other group members something of value to him, namely, additional child pornographic material.  It is the Government's position, therefore, that the disputed 5-level enhancement applies and that, consequently, Probation has accurately identified Garman's advisory sentencing guideline range as 240 months (capped at such due to the statutory maximum).

Respectfully submitted,

BRUCE D. BRANDLER
Acting United States Attorney

/s/ Jeffery St John
JEFFERY ST JOHN
Assistant United States Attorney