IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:19-CR-00323 |
| | : | |
| v. | : | (Judge Mannion) |
| | : | |
| ERIC GARMAN | : | (Electronically Filed) |

**SENTENCING MEMORANDUM**

**I.    RESTITUTION CLAIMED AS TO UNCHARGED AND DISMISSED CONDUCT IS COVERED IN THE PLEA AGREEMENT**

This supplement seeks to amend the position taken by Mr. Garman in the sentencing memorandum given paragraphs 21 and 22 of the plea agreement.

Statutory authority for restitution exists under both 18 U.S.C. §§ 3663A and 2259. The scope of restitution under section 3663A includes "… if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." 18 U.S.C.A. § 3663A. In paragraph 21 of the plea agreement, Mr. Garman agreed that the government could seek restitution for victims of his relevant conduct under section 3663A.

At paragraph 22 of the plea agreement, Mr. Garman also agrees to pay restitution to victims of the offense of conviction under section 2259, and Mr. Garman agrees to pay restitution "equal to the loss caused to any individual victim of his uncharged or dismissed conduct pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A." If the government seeks restitution for victims of uncharged or dismissed conduct, the statutory authority for such amount falls under sections 3663(a)(3) and 3663A.

In the sentencing memorandum, Mr. Garman suggested that restitution must be denied entirely if the identified victims were not victims of the crime of commission. He must change that position given paragraphs 21 and 22.

Mr. Garman now argues that a mandatory minimum restitution payment of $3000.00 would only cover victims of the crime of conviction: Distribution. Should this Court agree with Mr. Garman that section 2259 does not apply beyond the crime of distribution, he still must concede restitution is proper for victims of uncharged conduct and dismissed conduct pursuant to section 3663(a)(3) and 3663A. Section 3363A does not set a mandatory minimum restitution amount of $3000.00 as does section 2259(b)(2)(B). *See United States v. Mentzer*, 760 Fed. Appx. 90, 95 (3d Cir. 2019) (unpublished) (As a result, we cannot conclude that the District Court abused its discretion in setting an award of $1,000.) In his sentencing memorandum, Mr. Garman argued that this Court lacked authority to set restitution, he wishes to correct that statement. This Court has statutory authority to impose restitution.[1]

If the government can prove that restitution is owed to victims of uncharged or dismissed criminal conduct under the plea agreement, Mr. Garman requests that any restitution to those victims be set without regard to the mandatory $3000.00 amount set forth under section 2259(b)(2)(B). As noted in *Mentzer*, this Court should look to *Paroline* for guidance in determining restitution under section 3663A. *Mentzer* at 95.

---

[1] At the time of sentencing, the government will likely provide more information for each victim that would connect Mr. Garman's conduct to the restitution claimed, clarify whether restitution has been paid to victims, advise whether any of the victims have elected to accept defined monetary assistance under section 2259(d), state on the record what total amount of restitution is being claimed by each victim, and produce additional information relevant to the *Paroline* factors.

**II.     Conclusion**

The victims of the distribution here are now unknown to Mr. Garman. NCMEC's report does not reveal whether any of the images of the identifiable victims were distributed by Garman. If Garman did not distribute the images of the identifiable victims, this Court may assess restitution without regard to the $3000.00 mandatory minimum amount of restitution and could set a lower restitution amount if appropriate.

Date: February 27, 2021        /s/Brandon R. Reish_____
                               BRANDON R. REISH
                               Assistant Federal Public Defender
                               Attorney ID# PA91518

                               201 Lackawanna Avenue, Suite 317
                               Scranton, PA  18503-1800
                               (570) 343-6285
                               Email: brandon_reish@fd.org
                               Attorney for Eric Garman

## <u>CERTIFICATE OF SERVICE</u>

I, Brandon R. Reish, Assistant Federal Public Defender, do hereby certify

that this document, this Sentencing **Memorandum,** filed electronically through the

ECF system will be sent to the registered Participants as identified on the Notice of

Electronic Filing, including the following:

> Jeffrey St. John, Esquire
> Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at

Scranton, Pennsylvania, addressed to the following:

> Eric Garman

Date:  February 27, 2021          /s/Brandon R. Reish_____
                                                  BRANDON R. REISH
                                                  Assistant Federal Public Defender
                                                  Attorney ID# PA91518

                                                  201 Lackawanna Avenue, Suite 317
                                                  Scranton, PA  18503-1800
                                                  (570) 343-6285
                                                  Email: brandon_reish@fd.org